## LEO RUSS v. I. SHEP SMITH.

(Filed 28 November 1962.)

**Negligence § 10—**

Where the jury answers the issue of contributory negligence in the negative, the issue of last clear chance is eliminated from the case.

APPEAL by defendant from *McKinnon, J.,* February, 1962 Term, BRUNSWICK Superior Court.

Plaintiff instituted this civil action to recover damages for his personal injuries allegedly caused by the actionable negligence of the defendant's minor daughter, operating the family purpose automobile.

The accident occurred about 7:00 p.m. on May 13, 1960, on U.S. Highway No. 17 within the Town of Shallotte. The evidence disclosed the plaintiff undertook to walk across the highway within a block at a point not marked by any crosswalk; that he stopped near the center of the street to permit a south-bound motor vehicle to pass, when he was struck by defendant's north-bound vehicle operated by his minor daughter. He sustained serious and permanent injuries.

Issues of negligence, contributory negligence, and damages were raised by the pleadings, supported by competent evidence, and answered by the jury in favor of the plaintiff. From the judgment on the verdict, the defendant appealed.

*S. B. Frink, for defendant, appellant.*
*Herring, Walton & Parker, for plaintiff, appellee.*

PER CURIAM. The plaintiff, by way of reply to the allegation of contributory negligence, pleaded the defendant's last clear chance to avoid the injury. The jury, having found the plaintiff was not contributorily negligent, left the issue of last clear chance unanswered. The defendant, therefore, may not be heard to complain.

The case was tried in accordance with our decisions as to the matters of law involved and the jury settled the issues of fact.

No error.